# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SWEETWOOD,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Counterclaim Plaintiff<br>　v.<br><br>GARY SWEETWOOD, CHARLES R. MCHAFFIE,<br><br>　　　　　　　　Counterclaim Defendants | CASE NO. 10cv2189-W (MDD)<br><br>REPORT AND RECOMMENDATION FOR TERMINATING SANCTIONS AGAINST COUNTERDEFENDANT CHARLES MCHAFFIE |

　　　On October 21, 2010, Plaintiff filed this action against the United States Internal Revenue Service ("United States"). (Doc. No. 1). According to Plaintiff, from 2004 to the end of 2006, he was the president and director of Carrizo Gorge Railway Tours Inc. Payroll taxes for the periods ending December 2005 and December 2006 remain unpaid and the IRS assessed a Trust Fund Recovery Penalty under 26 U.S.C. § 6672. Plaintiff paid a part of the assessment and brought this refund action. In response to Plaintiff's complaint, the United States filed an Answer and Amended Counterclaim against Plaintiff. (Doc. No. 8). The United States also filed a

1  counterclaim against Charles R. McHaffie (McHaffie). (Id.)  McHaffie filed an Answer to the
2  United States counterclaim. (Doc. No. 13).  With the pleadings settled the Court issued an order
3  regulating discovery on June 28, 2011.  (Doc. No. 18).

<u>Discovery Proceedings and Mr. McHaffie</u>

On July 27, 2011, during a telephonic case management conference, the United States indicated it had been having trouble obtaining requested discovery from McHaffie.  The Court ordered McHaffie to cooperate with the United States in the exchange of discovery. (Doc. No. 20). On September 14, 2011, during a telephonic case management conference, the United States noted continuing problems with McHaffie in the exchange of discovery.  The Court again ordered McHaffie to cooperate with the United States.  (Doc. No. 21).

On October 14, 2011, a further telephonic case management conference was held with the United States and McHaffie.  (Doc. No. 24).  During that conference, the United States informed the Court that McHaffie had not produced responses to the United States' interrogatories, requests for production, nor had he provided his initial disclosures.  All of McHaffie's discovery was overdue by at least thirty days.  The Court ordered McHaffie to produce all outstanding discovery on or before October 21, 2011.  (Id.)

On October 27, 2011, the United States filed a Request for Order to Show Cause based upon McHaffie's failure to produce discovery by the Court ordered deadline. (Doc. No. 25).   The Court conducted a hearing on the request for Order to Show Cause on November 9, 2011.  The United States and Plaintiff (through counsel) appeared.  McHaffie failed to appear.  At the hearing the Court noted that McHaffie had been properly advised of his discovery obligations on several occasions and stated in its order "[t]he Court is satisfied that Defendant McHaffie was aware of his discovery obligations which were explained to him at the telephonic conference held on October 14, 2011." (Doc. No. 28).  Based on the record presented, the Court granted the United States' request for Order to Show Cause. (Id.)  In its written order, the Court set a further hearing for November 29, 2012, to determine whether sanctions should be imposed on McHaffie for failure to comply with discovery.  The Court also ordered McHaffie to bring all outstanding discovery to the Order to Show Cause hearing.  (Id.)

1  Attending the hearing on November 29, 2011, were the United States, McHaffie, and
2  Plaintiff (through counsel).   During the hearing, the Court admonished McHaffie that his
3  continued failure to comply with the Court's discovery orders could result in sanctions up to and
4  including a recommendation for entry of a default judgment against him in this case.  The Court
5  reminded McHaffie of his scheduled deposition for November 30, 2011, and granted the United
6  States' request for an extra day to depose McHaffie.  The Court also ordered the parties to submit
7  an update upon the conclusion of McHaffie's deposition and exchange of discovery.
8  On November 30, 2011, McHaffie appeared for his deposition "and indicated that he did
9  not want to be deposed and that he preferred to be defaulted in this action."  <u>Pl's Request for</u>
10 <u>Sanction of  Default Judgment Against Defendant McHaffie at 2</u>.   The following conversation
11 was recorded at the deposition:
12         McHaffie: My position is that I am agreeing to a default until such time that
13     we can work out a collection settlement.
14         Castaldi: Yes. Are we under an understanding, Mr. McHaffie, that it would
15     be for the full amount in the tax periods requested in the United States counterclaim
16     against you, plus any accrued interest?
17         McHaffie: Roughly.
18         Castaldi: So that would be the periods ending December 31st, 2005, 2006,
19     and 2007, plus any accrued interest.  I believe that amount is approximately, I don't
20     have a copy of the counterclaim right now, approximately $400 to $450,000 dollars.
21     Is that agreeable Mr. McHaffie?
22         McHaffie: Yes.
23         Castaldi: Okay. And no one has forced you to enter into this agreement and
24     you're not under duress or anything of that nature.  Correct?
25         McHaffie: Nobody has forced me, I am under duress though.
26         Castaldi: What do you mean by that?
27         McHaffie: The proceedings are "duressful."
28         Castaldi: But you haven't been physically threatened or anything?

1       McHaffie: You have not physically threatened me, no.

2       <u>Transcript of Proceedings In Re Deposition of Charles McHaffie, November 30, 2011</u>.

4     As a result of McHaffie's refusal to go forward with his deposition, the United States filed a Motion for Order to Show Cause and Sanctions on November 30, 2011. (Doc. No. 30). The Court ordered McHaffie to file a response under penalty of perjury confirming his statements and accepting a judgment against him. (Doc. No. 32). To date, McHaffie has failed to comply with the Court's order and neither the Court nor counsel has had any further communication with him.

<u>Legal Analysis</u>

Federal Rule of Civil Procedure 37(b)(2)(vi) allows for "rendering a default judgment against the disobedient party" when "a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)..." *Id.* Upon review of the record in this case, the Court believes the only appropriate action is to recommend the entry of a default judgment against Counterdefendant McHaffie.

The Ninth Circuit has created a five part test for the court to apply in considering whether a dismissal or default is justified as a Rule 37 sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Housing Authority of City of Los Angeles*, 782 F. 2d 829, 831 (9th Cir. 1986). These factors are not a series of conditions precedent before the judge can act, but a way for the court "to think about what to do." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1226 (9th Cir. 2006). The Court addresses each of the factors as follows:

1. Public's interest in expeditious resolution of litigation.

The instant case was filed October 21, 2010. McHaffie has been a litigant in the case since February 15, 2011. Discovery has been ongoing since May 10, 2011. (Doc. No. 15). Based upon the facts of this case, particularly upon McHaffie's stated desire not to be deposed and coupled with his preference for an entry of default against him, further delay is unjustified.

2. The Court's need to manage its docket.

As noted herein, this case has been pending since 2010. The parties have been engaged in active discovery and settlement negotiations for approximately eight months. The Court has held multiple case management conferences and hearings in an effort to resolve McHaffie's continual failure to comply with his discovery obligations. The United States has exhausted its legal remedies with respect to McHaffie. McHaffie should no longer be permitted to unjustifiably delay litigation in this case and waste limited judicial resources.

3. Risk of prejudice.

The Ninth Circuit has held that "[f]ailing to produce documents as ordered is considered sufficient prejudice." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1227 (9th Cir. 2006). Here the record is clear. Time after time McHaffie has failed to produce discovery as ordered. This failure has essentially prevented the United States and Plaintiff from moving toward a resolution of Plaintiff's claim.

4. Public policy favoring disposition of cases on their merits.

The Ninth Circuit has found that public policy favoring disposition of cases on their merits strongly counsels against dismissal. *Id.* at 1223. In the instant case, however, McHaffie's unreasonable delay, refusal to be deposed and recent verbalization of his preference for default, keeps the case from moving forward toward resolution on the merits.

5. Availability of less drastic sanctions.

"Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirements." *Id.* The Court's attempts at curing McHaffie's repeated failures to comply with discovery orders has been well documented. At the Court's hearing on November 29, 2011, the Court again expressed the importance of complying with discovery and warned McHaffie about the possible consequences:

> The Court: As far as I know, there have been no – none of the mandatory disclosures required by the Rules and no effective response to the Government's discovery requests. So this hearing today is an order to show cause hearing. It's really about – for me to hear what your explanation is for your failure to comply

1        with discovery.  And if the explanation isn't good, I can recommend to the Court

2        that you be defaulted, that you – that the Government gets a judgment against you

3        for the full amount of their claim.

4 Despite the Court's numerous warnings, McHaffie repeatedly failed to comply with the Court's

5 orders.  Coupled with McHaffie's statements on the record acquiescing to an entry of judgment

6 rather than being deposed, the imposition of the extreme sanction of default pursuant to

7 Fed.R.Civ.P 37 is justified.

8 Conclusion

9       For these reasons the Court recommends a default judgment be entered against Charles

10 McHaffie.

11       **IT IS ORDERED** that no later than **February 29,  2012,** any party to this action may file

12 written objections with the Court and serve a copy on all parties.  The documents should be

13 captioned "Objections to Report and Recommendation."

14       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

15 and served on all parties no later than **March 12, 2012.**  The parties are advised that failure to file

16 objections within the specified time may waive the right to raise those objections on appeal of the

17 Court's order.

18       **IT IS SO ORDERED.**

19

20 **DATED:  February 6, 2012**

21

22                                          **Hon. Mitchell D. Dembin**

23                                          **U.S. Magistrate Judge**