# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. SWEETWOOD,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO. 10-CV-2189 W (AJB)<br><br>**ORDER (1) ADOPTING REPORT & RECOMMENDATION (DOC. 40), (2) GRANTING MOTION FOR TERMINATING SANCTIONS (DOC. 36) AND (3) ENTERING DEFAULT JUDGMENT AGAINST CHARLES R. McHAFFIE** |

On January 11, 2012, Counter Claimant United States of America filed a motion for terminating sanctions against Counter Defendant Charles R. McHaffie. (*See* Doc. 36.) On February 6, 2012, Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation ("Report"), recommending that the Court grant the motion and enter default judgment against McHaffie. (*See* Doc. 40.) The Report also ordered that any objections were to be filed by February 29, 2012, and any reply filed on March 12, 2012. To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See <u>Mayle v. Felix</u>, 545 U.S. 644, 654 (2005) (Acknowledging that a "discrete set of Rules governs federal habeas proceedings launched by state prisoners.") Rule 8(b) provides that a

district judge "must determine de novo any proposed finding or recommendation to which objection is made."  In <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003), the Ninth Circuit interpreted identical language in 28 U.S.C. 636(b)(1)(c) as making clear that "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise."  (emphasis in original); <u>see also</u> <u>Wang v. Masaitis</u>, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is *only* required when an objection is made to the R & R.") (emphasis added) (citing <u>Renya-Tapia</u>, 328 F.3d 1121); <u>Nelson v. Giurbino</u>, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); <u>see also</u> <u>Nichols v. Logan</u>, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In light of McHaffie's failure to file any objections, as well as his apparent concession that default could and should be entered against him for repeated failures to comply with court orders and his discovery obligations (*see* Doc. 40 at 3:12–4:1, 5:20–6:5), the Court accepts Judge Dembin's recommendation, and **ADOPTS** the Report (Doc. 40) in its entirety.  For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** the motion for sanctions (Doc. 36) and **ORDERS** that default judgment be entered against Counter Defendant Charles R. McHaffie.

**IT IS SO ORDERED.**

DATED: April 2, 2012

_____
Hon. Thomas J. Whelan
United States District Judge